1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY PETERSON and BRANDON MILLER, individuals and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>WALGREEN CO., and DOES 1 to 100, Inclusive,<br><br>            Defendants. | Case No. 1:12-CV-01832-LJO-GSA<br><br>**Honorable Lawrence J. O'Neill**<br>**U.S. Magistrate Judge Gary S. Austin**<br><br>**ORDER ON STIPULATION REGARDING CONFIDENTIALITY AGREEMENT**<br><br>Complaint Filed: November 7, 2012 |

ORDER ON STIPULATION REGARDING CONFIDENTIALITY AGREEMENT
CASE NO. 1:12-CV-01832-LJO-GSA

15239839v.1

1  The parties' stipulation as outlined below is adopted by the Court, however, in
2  addition, the parties are advised that any documents filed under seal must comport with
3  the procedures outlined in Local Rule 141.
4
5      1.   The parties acknowledge that discovery in this lawsuit may require the disclosure
6  of documents and other materials that are trade secret, commercially sensitive, proprietary and/or
7  otherwise confidential in nature, including but not limited to, Defendant's training documents,
8  documents that could compromise the safety of Defendant's employees and/or documents that
9  contain private personnel information relating to Defendant's current and former employees.
10     2.   The parties hereby agree that any party or non-party subject to discovery in this
11 action may designate documents; deposition testimony, transcripts, and exhibits; responses to
12 interrogatories; responses to requests for admission; and other written, recorded, or graphic
13 information and materials produced by a party or non-party in the course of this action as
14 "Confidential" (hereafter referred to as "Confidential Information").  "Confidential Information"
15 may include information that has not been made public and that refers to, describes, or consists
16 of the disclosure of confidential, proprietary, or otherwise non-public business, technical, or
17 financial information, information that may compromise the safety of Defendant's employees,
18 employee personnel and earnings information, or information protected by third-party privacy
19 rights. Confidential Information may include not only the information contained in documents
20 and other materials designated as such pursuant to this Order, but also to any summaries, copies,
21 abstracts, compilations, or other documents or material derived from Confidential Information.
22 The parties acknowledge that the only information that should be designated as Confidential
23 Information is that which is properly subject to protection.  The parties will not designate as
24 "Confidential" any discovery material without first making a good faith determination that such
25 protection is warranted.
26     3.   The party or third party asserting the Confidential designation as to any Discovery
27 Material shall have the burden of justifying that designation consistent with California law.  A
28

2

[PROPOSED] ORDER ON STIPULATION RE CONFIDENTIALITY AGREEMENT
CASE NO. 1:12-CV-01832-LJO-GSA

15239839v.1

1  party may challenge the designation in accordance with paragraph 8, below. Until the Court
2  rules otherwise, the challenged Discovery Material shall not be used outside of this pending
3  litigation and shall be treated as Confidential with respect to all third parties who are strangers to
4  this litigation.
5     4.   In the case of documents and other materials produced by a party, the
6  "Confidential" designation shall be made at the time of production. A producing party may
7  designate as "Confidential," in whole or in part, any documents or other materials by so advising
8  all other parties and by marking any copies of the documents or other materials, in a manner not
9  affecting legibility, with the word "Confidential." Any party may obtain confidential treatment
10 for documents or other materials previously produced by any party or non-party without such
11 designation if the party seeking the designation sends written notice of such designation to all
12 other parties or non-parties in the possession of such documents or other materials and within
13 thirty (30) days of their production marks the subject documents or other materials with the word
14 "Confidential" and reproduces them. All documents and other materials produced by a non-
15 party and not designated as "Confidential" by a party at the time of their production shall
16 nonetheless be treated as Confidential Information for thirty (30) days following such
17 production.
18    5.   With respect to testimony elicited during depositions, whenever counsel for a
19 party deems that any question or line of questioning calls for the disclosure of information that
20 should be treated as Confidential Information, counsel may: (i) designate on the record prior to
21 such disclosure that such information is being designated as "Confidential" or (ii) give written
22 notice to all other counsel that such information is being designated as "Confidential" within
23 twenty-one (21) days after receiving a copy of the deposition transcript.
24    6.   Confidential Information will be held by the receiving party exclusively for use in
25 connection with the above-captioned action and any appeals thereof. A party shall not
26 disseminate to any third party outside of this litigation any Confidential Information produced by
27 the other party or by a non-party except as necessary for use in these proceedings, and subject to
28

3

the further restrictions set forth in paragraph 7, below. The parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

7.   Confidential Information shall not be used or disclosed directly or indirectly by the party receiving such Confidential Information to persons other than:

(a)   The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this action, and any special master or mediator appointed by the court or agreed-to by the parties, except that such Confidential Information disclosed in deposition shall be marked by the stenographer as Confidential and shall be subject to the provisions of this Order including those contained in paragraph 11 relating to the lodging and/or filing of Confidential Information under seal;

(b)   Counsel of record for any party to this action, as well as regular employees of such counsel, and outside copy services, used to assist in the defense or prosecution of this litigation;

(c)   Experts and consultants consulted or retained by any party or counsel of record for any party to assist in the defense or prosecution of this litigation;

(d)   Any individual party provided that the party agrees to be bound by the terms of this Order; except that neither the named Plaintiffs nor any subsequent named Plaintiff shall have the right to review any other non-party employee's confidential employment data, or Defendant's extremely sensitive Confidential Information whose disclosure to would create a substantial risk of serious injury that could not be avoided by less restrictive means; such Confidential Information shall be designated "Attorney's Eyes Only"; and

(e)   Any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual is made only to the extent necessary for the employee, former employee, agent or independent contractor to perform such assistance; and

(f)   Any witness who is deposed and/or who testifies in this case provided that

4

they agree in writing or on the record during deposition not to disclose the Confidential Information to any third parties outside of the context of this litigation.

Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 7(c) or 7(e) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and obtain their written agreement in the form attached as Exhibit A (or, in the case of witnesses, on the record during deposition) not to disclose the Confidential Information to any third parties outside of the context of this litigation. All such written agreements shall be retained by counsel for the party who discloses the Confidential Information in the way.

8. Any party may object to the designation of particular documents or other materials as "Confidential" by giving written notice (email notice shall be sufficient) to the party making the designation and to all other parties. Such notice shall identify with reasonable specificity the documents or other materials to which the objection is directed and the basis for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring. In the event the dispute cannot be resolved within thirty (30) days after the parties meet and confer in effort to resolve their dispute, it shall be the obligation of the designating party to file an appropriate motion requesting a ruling by the Court that the disputed documents or other materials be designated "Confidential." Pending a ruling from the Court, the challenged Discovery Material shall not be used outside of this pending litigation and shall be treated as Confidential. Nothing contained herein shall prevent any party from using Discovery Material that has been designated Confidential by one party and challenged by another party, provided they treat Confidential Information as Confidential, prior to a ruling from the Court on the Designating Party's motion for an order determining that the particular document or information is Confidential Information unless the designating party fails to bring a motion in response to a non-designating party's objection, and the parties do not otherwise agree that the information designated as "Confidential" should continue to be treated as Confidential Information.

9. In the event that any Confidential Information filed and/or lodged under seal as provided for in paragraph 11, is used in any Court proceeding in this action, it shall not lose its confidential status through such use.

10. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

11. Documents or other materials filed by any party with the Court before, during, or after trial that contain Confidential Information shall be filed with the Clerk of the Court under seal and subject to further order of the Court, except to the extent that such Confidential Information is deemed not to be Confidential by the Court or else loses its Confidential designation as a result of an objection to the Confidential designation made by a non-designating party and the designating party's failure to bring a timely motion as provided in paragraph 8. Any such materials filed and/or lodged under seal with the Court shall be filed and/or lodged separately in a sealed envelope marked in accordance with the provisions of the Local Rules.

12. Any party may consent to have any documents or other materials it previously designated as "Confidential" removed from the scope of this Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Order shall prevent any party from disclosing its own Confidential Information as it deems appropriate. If a party discloses its own Confidential Information, such disclosure will have the effect of rendering the information or documents non-Confidential.

13. The provisions of this Order shall not terminate at the conclusion of this action. Within 120 days of final conclusion of all aspects of this litigation, including any and all appeals, documents and other materials stamped or otherwise identified as "Confidential" and all copies of same (other than exhibits of record and the one file copy of each "Confidential" document per party that the California State Bar requires be kept for three years) shall be returned to the party that produced such documents or destroyed. All counsel of record shall, upon written request, provide written confirmation that the documents at issue have been returned and/or destroyed and shall deliver the same to counsel for the party that produced the documents not more than

1   120 days after final termination of this litigation.  One year following the final conclusion of all
2   aspects of this litigation, the one file copy of each "Confidential" document maintained by each
3   party shall be returned to the party that produced such documents or destroyed.  All counsel of
4   record shall upon written request, provide written confirmation that the documents at issue have
5   been returned and/or destroyed not more than 120 days after the one-year anniversary of the final
6   termination of this litigation.

7       14.   The inadvertent production or disclosure of any privileged or otherwise protected
8   information by any party shall not constitute, or be considered as a factor suggesting, a waiver or
9   impairment of any claims of privilege or protection, including but not limited to, the attorney
10  client privilege and the protection afforded to work product materials.

11      15.   If any privileged or otherwise protected information is inadvertently produced, the
12  producing party must provide written notice to any other parties that such information, or
13  discovery material containing such information, has been inadvertently produced or disclosed.
14  Within three (3) business days of the receipt of such notice, each other party shall return to the
15  producing party all such discovery material and copies thereof identified in the notice in its
16  possession, and shall make reasonable efforts to reclaim and return any such discovery material
17  and information.  The party that has inadvertently produced or disclosed such information shall,
18  within ten (10) business days after such material is returned to it, provide a privilege log
19  identifying the discovery material and the copies returned to the producing party such that the
20  non-producing party is able to challenge the producing party's claim that the discovery materials
21  are privileged or otherwise protected.

1  This Stipulation and Order is subject to revocation and modification by order of the Court,
2  upon written stipulation of the parties, or upon motion and reasonable notice.

17  IT IS SO ORDERED.

18  Dated:   **May 3, 2013**                              **/s/ Gary S. Austin**
19                                                        UNITED STATES MAGISTRATE JUDGE

8

PROPOSED ORDER ON STIPULATION RE CONFIDENTIALITY AGREEMENT
CASE NO. 1:12-CV-01832-LJO-GSA

15239839v.1